686 S.E.2d 190

Michael **HUNT**, Joe A. Taylor, A. Shane Massey, J. Roland Smith, and Tom Young, Jr., Respondents,

v.

**AVONDALE MILLS, INC.**, and South Carolina Public Service Commission, Defendants,

of whom Avondale Mills, Inc. is, Appellant.

Supreme Court of South Carolina.

Nov. 4, 2009.

## ORDER

This matter is before the Court by way of a notice of appeal from an order of the circuit court granting respondents' motion to temporarily enjoin appellant's collection of fees based on a rate change. Appellant has also filed a petition for a writ of supersedeas. Respondents have filed a return in opposition to the petition for a writ of supersedeas.

We find the circuit court did not have subject matter jurisdiction to issue the temporary injunction and therefore vacate the order on appeal. Although the circuit court sought to distinguish this case on the ground that it does not involve the *amount* of the rate change, but *notice* of the rate change, any complaint regarding lack of notice of a rate change is required to be brought before the South Carolina Public Service Commission (PSC). South Carolina Code Ann. § 15–77–50 (2005) states that the circuit courts do not have jurisdiction over actions or controversies "involving rates of public service companies" for which specific procedures for review are provided in Title 58. The PSC is vested with the "power

and jurisdiction to supervise and regulate the rates and service of every public utility in this State, together with the power, after hearing, to ascertain and fix such just and reasonable standards, classifications, regulations, practices and measurements· of service to be furnished, imposed, observed and followed by every public utility in this State. . . ."

In addition to applications for rate changes, applications may be made to the PSC by any person "by petition in writing, setting forth any act or thing done, or omitted to be done, with respect to which, under the provisions of Articles 1, 3, and 5 of this chapter, the [PSC] has jurisdiction or is alleged to have jurisdiction." S.C.Code Ann. § 58–5–270 (S up p.2008). Individual consumer complaints must be filed with the Office of Regulatory Staff, which has the responsibility of mediating consumer complaints under the provisions of Articles 1, 3, and 5. *Id.* However, if a complaint is not resolved to the satisfaction of the complainant, the complainant may request a hearing before the PSC. *Id.* Complaints may involve the "fairness, reasonableness, or sufficiency of any schedule . . . [or] rate" of a public utility. *Id.*

Moreover, South Carolina Code Ann. § 58–5–290 (1976), entitled "Correction by Commission of improper rates *and the like*," [1] states the following:

> Whenever the Commission shall find, after hearing, that the rates, fares, tolls, rentals, charges or classifications or any of them, however or whensoever they shall have theretofore been fixed or established, demanded, observed, charged or collected by any public utility for any service, product or commodity, or that the rules, regulations or practices, or any of them, affecting such rates, fares, tolls, rentals, charges or classifications, or any of them, are unjust, unreasonable, noncompensatory, inadequate, discriminatory or preferential or in any wise in violation of any provision of law, the Commission shall, subject to review by the courts, as herein provided, determine the just and reasonable fares, tolls, rentals, charges or classifications, rules, regulations or practices to be thereafter observed and enforced and shall fix them by order as herein provided.

1. (Emphasis added).

"In connection with a determination under Section 58-5-290 the commission may consider all facts which in its judgment have a bearing upon a proper determination of the question. . . ." S.C.Code Ann. § 58-5-300 (Supp.2008). Finally, appellate review of any ruling by the PSC on such matters may be sought from this Court or the Court of Appeals. S.C.Code Ann. §§ 58-5-330 and -340 (Supp.2008). These statutes clearly provide a mechanism by which respondents could have and should have raised the issue of improper notice of the rate change before the PSC; therefore, the circuit court did not have subject matter jurisdiction to entertain this matter. Accordingly, the order of the circuit court on appeal is hereby vacated.

The petition for a writ of supersedeas is denied and the notice of appeal is hereby dismissed, as they are now moot.

IT IS SO ORDERED.

JEAN H. TOAL C.J., JOHN H. WALLER, JR., COSTA M. PLEICONES, DONALD W. BEATTY, and JOHN W. KITTREDGE, JJ.